STATE of North Dakota, Plaintiff
and Appellee,

v.

Jeffrey ZEARLEY, Defendant
and Appellant.

Cr. No. 900240.

Supreme Court of North Dakota.

April 18, 1991.

Brian David Grosinger, Asst. State's Atty., Mandan, for plaintiff and appellee; submitted on brief.

Rodney K. Feldner, Mandan, for defendant and appellant; submitted on brief.

GIERKE, Justice.

Jeffrey Zearley appeals from an order denying his motion to suppress evidence of possession of a controlled substance. The evidence was discovered during a patdown and pocket search of Zearley who was a guest in a home being lawfully searched for drugs pursuant to a no-knock warrant. We affirm.

While other police officers were at the front door of the Metzner home with the search warrant, Drug Enforcement agent Maixner knocked and entered the kitchen. He identified himself to Penny Metzner and she attempted to stop him from entering the hallway to the rest of the house. Upon entering the hallway, he met Zearley. Zearley attempted to block Maixner's way and they engaged in a "pushing match". Maixner pushed Zearley against the wall until the other officers got to the hallway. Then Maixner patted Zearley down for weapons. Feeling an object that he expected to be a knife, Maixner reached into Zearley's pocket and pulled out a drug pipe and packets of methamphetamine.

Charged with possession of a controlled substance, Zearley moved to suppress the evidence. The trial court ruled that the pipe and the packets of methamphetamines were inadmissible because the search contravened the Fourth Amendment and Article 1, § 8 of the North Dakota Constitution on reasonable searches and seizures. The State appealed contending that the patdown was a reasonable frisk for weapons and that the pocket search was reasonable to determine if the pipe was a knife. We concluded that Maixner's patdown of Zearley was a reasonable search for safety reasons, but reversed and remanded for reconsideration of the suppression order with instructions to the trial court that it must determine whether the pocket search following the constitutionally permitted patdown was reasonable. *State v. Zearley,* 444 N.W.2d 353 (N.D.1989) (*Zearley I*).

On appeal, Zearley argues that the objects in his pocket could not reasonably be

believed to constitute a weapon or threat of danger to Maixner. In *Zearley I,* we held that a pocket search is distinct from the preceding patdown. We stated: "A patdown is not simply a routine preliminary to a more extensive search. Before going further, the officer must have an articulable and reasonable suspicion that a person is armed and dangerous." *Zearley, supra* at 359. *See also, Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

In a remarkably similar case, the California Appellate Court had the opportunity to consider the patdown and pocket search issues. *People v. Thurman,* 209 Cal. App.3d 817, 257 Cal.Rptr. 517 (1989). In *Thurman,* the trial court denied the motion to suppress. The appellate court looked separately at the patdown and at the pocket search. That patdown for weapons was also motivated by reasons of safety. In *Thurman,* the defendant was quietly sitting on a sofa and the officer patted him down. The officer detected an unidentified large bulge in the defendant's jacket pocket, believed that it was a gun, and proceeded to conduct a search. The California Appellate Court held that where an outside clothing pat search reveals the presence of an object of a size and density that reasonably suggests the object might be a weapon, the searching officer is entitled to continue the search to the inner garments where the object is located in order to determine whether the object is in fact a weapon. The California Appellate Court explained:

> "Weapon verification is essential if safety is to be preserved and a potentially volatile situation neutralized. We cannot impose a condition of certainty that the object is a weapon before allowing an officer to continue the pat search to the inner clothing sight where the object is located. To do so would frustrate the objective of the pat search. We can impose a condition that an officer's belief that the object is a weapon be reasonably grounded and not a mere subterfuge for a random search." *Thurman,* [257 Cal. Rptr.] at 521.

The trial court in reconsidering the suppression motion found that Maixner had a suspicion at least as reasonable and articulable that Zearley was armed and dangerous as did the officer in *Thurman.* The trial court found that the pocket search was reasonable and that the items found in Zearley's pocket were admissible evidence.

The trial court had the opportunity to hear and observe the witnesses and to examine the pipe in assessing the reasonableness of the officer's search. We recognize the importance of the trial court's opportunity to assess the credibility of witnesses, by according great deference to its decision in suppression matters. *State v. Placek,* 386 N.W.2d 36 (N.D.1986).

We believe there was sufficient evidence to support the trial court's determination that the officer had an articulable and reasonable suspicion that Zearley was armed.

We affirm.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.