2008 ND 50

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Phillip BROCKEL, Defendant and Appellant.**

**No. 20070139.**

Supreme Court of North Dakota.

March 20, 2008.

Julie A. Lawyer (argued), Assistant State's Attorney, and Matthew Ramage–White (on brief), third–year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, N.D., for plaintiff and appellee.

Robert V. Bolinske, Jr., Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Phillip Brockel appeals a criminal judgment entered after his conditional guilty plea to the charge of possession of drug paraphernalia, a class A misdemeanor, following the district court's denial of his motion to suppress evidence. We reverse and remand the district court judgment, concluding the court erred when it concluded, as a matter of law, it was permissible for an officer to conduct a pat-down search of Brockel before he was placed in a highway patrol vehicle.

## I

[¶ 2] On December 26, 2006, North Dakota Highway Patrol Officer Thomas Iverson stopped Brockel for speeding. On approaching the vehicle, Iverson noticed Brockel appeared to be nervous, avoided eye contact, and was fidgety. Iverson testified Brockel's actions showed a high level of nervousness for a routine traffic stop. Iverson then asked Brockel to come back to his patrol car for the completion of the citation. He asked Brockel if he could pat him down for weapons before entering the car. Upon patting him down, Iverson felt a hard, square object in Brockel's pants pocket. Iverson had Brockel remove the object and hand it to him. The object was a "dugout," a block of wood containing a pipe used for smoking marijuana. Brockel moved to suppress evidence, alleging the pat-down search was illegal. The district court denied Brockel's motion, and Brockel subsequently entered a conditional plea of guilty to possession of drug paraphernalia.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Brockel's appeal from the criminal judgment was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 4] On appeal, Brockel argues the seized evidence should have been suppressed because Officer Iverson did not have a reasonable suspicion to search him.

In reviewing a district court's decision on a motion to suppress evidence, we defer to the court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Graf,* 2006 ND 196, ¶ 7, 721 N.W.2d 381. This Court will affirm a district court's decision on a motion to suppress if "there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *City of Fargo v. Thompson,* 520 N.W.2d 578, 581 (N.D.1994). On appeal, questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. *Graf,* at ¶ 7.

### III

[¶ 5] The United States Supreme Court has held a law enforcement officer may order a person out of a vehicle when the person has been lawfully detained. *Pennsylvania v. Mimms,* 434 U.S. 106, 108–11, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). In *Mimms,* the Court noted that approximately 30 percent of police shootings occurred when a police officer approached a suspect seated in an automobile. 434 U.S. at 110, 98 S.Ct. 330. Therefore, the mere inconvenience of getting out of one's vehicle cannot prevail when balanced against legitimate concerns for the officer's safety. *Id.* at 111, 98 S.Ct. 330.

[¶ 6] An officer can also order the driver to sit in the patrol car while the officer issues a citation. *State v. DuPaul,* 509 N.W.2d 266, 270 (N.D.1993). There is an additional increment of intrusion into a driver's personal liberty when he is ordered into a patrol car; however, this increased intrusion does not outweigh public-policy concerns for the safety of police officers. *State v. Mertz,* 362 N.W.2d 410, 413 (N.D.1985).

[¶ 7] Brockel does not argue the stop of his vehicle was improper. He was stopped for speeding. The speeding violation was a sufficient reason for Iverson to stop the vehicle, order Brockel out of his vehicle, and have him sit in the patrol vehicle.

### IV

[¶ 8] The Fourth Amendment of the United States Constitution and Article I, § 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures by the government. *State v. Gregg,* 2000 ND 154, ¶ 22, 615 N.W.2d 515. A law enforcement officer may conduct a frisk or a pat-down search of a person only when the officer possesses a reasonable and articulable suspicion the individual is armed and dangerous. *State v. Parizek,* 2004 ND 78, ¶ 14, 678 N.W.2d 154. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent [person] in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* (quoting *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The sole justification of a pat-down search is the protection of the police officer and others nearby. *Terry,* 392 U.S. at 29, 88 S.Ct. 1868.

[¶ 9] The fact-finder must use an objective standard to determine whether or not a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in criminal activity. *Zimmerman v. North Dakota Dep't of Transp. Director,* 543 N.W.2d 479, 481 (N.D.1996); *see U.S. v. Plummer,* 409 F.3d 906, 909 (8th Cir.2005) ("[T]he validity of a protective search 'does not depend upon the searching officer actually fearing the suspect is dangerous;

rather, such a search is valid if a hypothetical officer in the same circumstances could reasonably believe the suspect is dangerous.'"). To comply with the Fourth Amendment, a pat-down search must consist of a limited patting of the outer clothing of a suspect for concealed objects that might be used as weapons. *State v. Tollefson*, 2003 ND 73, ¶ 13, 660 N.W.2d 575.

[¶ 10] In denying Brockel's motion to suppress, the district court stated:

I haven't had an opportunity to review this entire case, but my understanding of the law is consistent with the position indicated by the State, that the trooper does have authority to request an individual that is validly stopped to step out of the vehicle; that they do have the right to conduct a pat-down search to search for weapons for purposes of officer safety before the individual is allowed to be in the patrol car. And on that basis, I'm going to deny the motion to suppress.

It appears the court concluded, as a matter of law, that an officer can conduct a pat-down search before placing a person in a patrol car. The court, however, did not make a finding whether there was a reasonable suspicion justifying a pat-down search on Brockel. There was testimony indicating Brockel seemed very nervous and fidgety and avoided eye contact while in his car, but the court made no findings as to these facts and reached no conclusion as to whether the facts gave rise to a reasonable suspicion. A pat-down may be conducted only if there is a reasonable suspicion that the individual is armed or dangerous.

V

[¶ 11] The State argues that even if there was no reasonable suspicion, the pat-down was justified because Brockel consented to the search. Voluntary consent is an exception to the warrant requirement. *State v. DeCoteau*, 1999 ND 77, ¶ 9, 592 N.W.2d 579. "The existence of consent is a question of fact to be determined from the totality of the circumstances." *State v. Graf*, 2006 ND 196, ¶ 10, 721 N.W.2d 381. Mere acquiescence to police authority is not sufficient to show consent; it must be definitive. *State v. Genre*, 2006 ND 77, ¶ 20, 712 N.W.2d 624. "The test is whether a reasonable person would believe the person's conduct showed consent." *Id.*

[¶ 12] The officer testified that he requested permission before conducting the pat-down search of Brockel, and the district court did not find whether Brockel consented to the search.

[¶ 13] We conclude the district court erred when it concluded as a matter of law that Iverson could search Brockel before placing him in his patrol car. Either reasonable suspicion or voluntary consent needs to be present to justify a pat-down search; however, the court made no findings whether either was present in this case. On remand, the court must make findings as to whether there was reasonable suspicion or consent for the search to be justified in this case.

VI

[¶ 14] The district court's judgment is reversed and remanded.

[¶ 15] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.