2008 ND 220

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Annette HARLAN, Defendant and Appellant.**

**No. 20080083.**

Supreme Court of North Dakota.

Dec. 16, 2008.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Justin J. Vinje, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Annette Harlan appeals a criminal judgment entered after her conditional guilty plea to the charge of possession of drug paraphernalia, a class A misdemeanor, following the district court's denial of her suppression motion. We reverse, concluding the district court erred when it found permissible a police officer's search of Harlan's pockets once a pat-down search of her outer clothing did not reveal anything that might feel like a weapon,

and remand to permit Harlan to withdraw her conditional guilty plea.

I

[¶ 2] On November 3, 2007, the Bismarck Police Department received a report of Harlan being passed out in the bathroom at a McDonald's restaurant. When police officers arrived at the restaurant, Harlan was eating a meal at one of the booths. She appeared to be extremely intoxicated, but denied she needed assistance. The officers decided she needed help, or else they would transport her to a detoxification holding area. After some phone calls, they agreed to transport her to a friend instead. Before placing Harlan in the patrol vehicle, an officer pat-searched her. The officer testified that she pat-searches anyone who rides in her patrol car as a safety precaution. The pat-down search led to a pocket search, whereupon the officer discovered a plastic bag containing less than a half-ounce of marijuana and Zig–Zag cigarette rolling papers. The officer then placed Harlan under arrest. Harlan was charged with possession of drug paraphernalia. She moved to suppress on the ground that the evidence was the result of an impermissible search. After hearing, the district court denied her motion. She subsequently entered a conditional guilty plea, reserving the right to appeal the denial of her suppression motion, and the court sentenced her immediately.

[¶ 3] According to the officer's testimony, there was no indication or suspicion that Harlan possessed a weapon. She testified that she could not recall whether she found these items in a jacket or pants pocket. During her testimony, the officer conceded that the plastic bag would not feel like a hard object and that the items did not feel like a weapon or anything that could harm her.

[¶ 4] The district court had jurisdiction of the suppression hearing under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal from the district court's order was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 5] On appeal, Harlan argues the seized evidence should have been suppressed because the officer did not have a reasonable suspicion that she was armed and dangerous. In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's findings of fact. *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381. We will affirm a district court's decision on a motion to suppress if "there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994). On appeal, questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. *Graf*, at ¶ 7.

## III

[¶ 6] The Fourth Amendment of the United States Constitution and Article 1, § 8, of the North Dakota Constitution protect individuals from unreasonable governmental searches and seizures. *State v. Gregg*, 2000 ND 154, ¶ 22, 615 N.W.2d 515. A law enforcement officer may conduct a frisk or a pat-down search of a person only when the officer has a reasonable and articulable suspicion that the individual is armed and dangerous. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A pat-down search is justified only for the protection of the police officer or others nearby. *Id.* at 29, 88 S.Ct. 1868. There is no requirement that the officer know with certainty that the individual is armed, but a reasonably prudent person under the circumstances must be warranted in the belief that his or her safety or that of others is endangered. *Id.* at 27, 88 S.Ct. 1868. The scope of a constitutionally valid pat-down search is limited to the patting of a suspect's outer clothing for such concealed objects that might be used as weapons. *Id.* at 30, 88 S.Ct. 1868 A pocket search is justified when the patting "reveals the presence of an object of a size and density that reasonably suggests the object might be a weapon." *State v. Heitzmann*, 2001 ND 136, ¶ 13, 632 N.W.2d 1 (citing *State v. Zearley*, 468 N.W.2d 391, 392 (N.D.1991)). Thus, the police officer must have an articulable and reasonable suspicion that the person is armed and dangerous. *Id.* (citing *State v. Zearley*, 444 N.W.2d 353, 359 (N.D.1989)).

## IV

[¶ 7] Harlan cites *State v. Brockel*, 2008 ND 50, 746 N.W.2d 423, in support of her position that the officer's conduct was illegal. In *Brockel*, the defendant was subject to a pat-down search before being placed in a patrol car for the completion of a speeding citation. *Id.* at ¶ 2. We held the district court erred in holding that an officer can, as a matter of law, conduct a pat-down search before placing an individual in a patrol car without a reasonable suspicion that the individual is armed or dangerous. *Id.* at ¶ 10. Consideration of safety in the confined space of an automobile where the police officer's attention is on driving rather than on the passenger was absent in *Brockel*.

[¶ 8] There is limited and divided case law from other jurisdictions dealing with the lawfulness of a police officer's pat-down search incident to a patrol car ride

short of an arrest. Some courts have held "'the need to transport a person in a police vehicle is an exigency that justifies a pat-down search for weapons.'" *E.g., People v. Queen,* 369 Ill.App.3d 211, 307 Ill. Dec. 400, 859 N.E.2d 1077, 1084–85 (2006) (quoting *People v. Smith,* 346 Ill.App.3d 146, 281 Ill.Dec. 453, 803 N.E.2d 1074 (2004)). In *Queen,* the encounter between the defendant and the police officer occurred after the defendant, who appeared to be intoxicated, fell from a tree in front of the police car. *Id.* at 1078. The police officer offered to give the defendant a ride because he was concerned the defendant could not safely get home by himself. *Id.* at 1079. The Appellate Court of Illinois upheld the district court's denial to suppress the weapon found on the defendant as a result of a search incident to the police officer's offer for a ride, holding the officer was justified in pat-searching the defendant for safety purposes. *Id.* at 1084. Similarly, in *State v. Lombardi,* 727 A.2d 670, 674 (R.I.1999), the Supreme Court of Rhode Island held a police officer was justified in pat-searching an inebriated passenger before asking a fellow officer to transport the defendant home after his friend's car was about to be impounded and the defendant did not object to the police officer's offer of a ride. That court concluded the slight intrusion involved in that particular pat-down search incident to a courtesy ride "is not the sort of arbitrary interference by a law officer that the Fourth Amendment condemns." *Id.* at 674. The fact that the officer did not have any suspicion based on a *"Terry* bulging pocket" that the defendant was armed or dangerous did not limit the court in its conclusion—"[a]n ordinary pen or pencil, when plunged into the neck of the police officer by an intoxicated passenger seated in the back seat of the police cruiser, would have been as lethal as any hand gun." *Id.* at 674. Further, in *People v.*

*Tobin,* 219 Cal.App.3d 634, 269 Cal.Rptr. 81, 84 (1990), the California appellate court held the police officer had a duty to transport the defendant off the highway where he could pose a risk to himself and others, justifying the pat-down search. The defendant in *Tobin* was a passenger in a car that a police officer stopped for a false evidence of registration. *Id.* at 82. The officer found that the driver's license had been suspended. Because the defendant and the two other passengers were either unlicensed or apparently intoxicated, the car had to be towed. *Id.* The officer offered to call someone to pick them up, and it was arranged that the three men would meet their ride at an exit three-quarters of a mile from where they had been stopped. *Id.* Before transporting them, the officer frisked them for weapons. The court held the officer was justified in pat-searching the defendant for weapons in performing his duty to transport the three men because he could not permit any of them to drive the car, it was illegal to walk on the highway, and he could not leave them to be transported by the tow truck. *Id.* at 82, 84.

[¶ 9] Other courts, however, have refused to extend *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to a police officer's general safety concern whenever the officer transports an individual who is not under custody or arrest in a police vehicle. *E.g., State v. Kelsey,* 2001 WI 54, 243 Wis.2d 422, 626 N.W.2d 777 (plurality opinion) (holding the need to transport a person in a police vehicle is not, in and of itself, an exigency which justifies a search for weapons); *People v. Scott,* 16 Cal.3d 242, 128 Cal.Rptr. 39, 546 P.2d 327, 329, 332–33 (1976) (holding special circumstances alone—intoxicated defendant was spotted with his three-year-old son on a traffic island on a highway—did not justify a pat-down search prior to

transportation by police car, because the pat-down had to be tested under the *Terry* standard since the police officer had no duty to transport the defendant and the defendant was not under arrest). In *Scott,* the California Supreme Court held a pat-down search incident to a police car ride is justified only upon consent of the person to be frisked and transported. *Id.* at 332. Because the search was not incident to arrest and did not meet the *Terry* standard, the court held the pat-down search was invalid. *Id.* The court in that case acknowledged the present dilemma between an officer's safety and an individual's Fourth Amendment right to be free from unreasonable governmental intrusion. However, it concluded:

> The dilemma . . . is not insoluble. We are required to accommodate the state's interest in the safety of police officers who volunteer to give rides not required by their duty, and the individual's right to be secure from unreasonable invasions of privacy. In our view the simple expedient of a warning and option will at once preserve both laudatory objectives. Accordingly, in order for a pat-down search to be valid under these or similar circumstances the officer must first inform the individual that he has a right to refuse the ride but if he accepts it he will be subjected to a pat-down search for weapons. Such a brief admonition will protect both the officer's safety and the individual's right to decide for himself whether he is willing to undergo a pat-down search in order to obtain the offered assistance of the police.

*Id.* at 332–33. The California appellate court distinguished *Scott* in *People v. Tobin,* concluding the facts in *Scott* did not indicate the defendant's actions might have endangered himself or others and therefore the police officer had no duty to offer the defendant a ride. *Tobin,* 269 Cal.Rptr. at 83, 84.

[¶ 10]  Because of our disposition of this case, however, we need not decide which approach taken in the above-mentioned cases is more compelling.

## V

[¶ 11]  In denying Harlan's motion to suppress, it appears the district court considered the pat-down search and the pocket search to command a similar analysis. While the district court raised the safety concerns faced by police officers in performing their duties, it did not distinguish between a pat-down search and a pocket search. Even if under the appropriate circumstances a pat-down search of an individual's outer clothing for weapons might be justified incident to a courtesy police car ride, in this case, we hold the officer's search of Harlan's pockets went beyond the justification for the pat-down search. At the suppression hearing, the officer conceded that the items discovered in Harlan's pocket did not feel like a weapon or anything else that could harm her. In light of the limited scope of a pat-down search for weapons—the protection of the police officer—the search of Harlan's pockets when the pat-down search provided no indication of a weapon or anything similar was unjustifiable, and therefore the evidence should have been suppressed. "Evidence may not be introduced if it was discovered by means of a seizure and search which were not reasonably related in scope to the justification for their initiation." *Terry,* 392 U.S. at 29, 88 S.Ct. 1868 (citing *Warden v. Hayden,* 387 U.S. 294, 310, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) (Mr. Justice Fortas, concurring)).

## VI

[¶ 12]  The district court judgment is reversed, and this case is remanded to permit Harlan to withdraw her guilty plea.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

CROTHERS, Justice, specially concurring.

[¶ 14]   I concur with Part V of the majority opinion reversing the district court's judgment because of the improper pocket search.   I write separately out of concern over the majority's lengthy discussion of pat-down searches conducted before courtesy rides in patrol cars.   I acknowledge that that discussion is structured as a survey of cases reaching different results.   However, I believe the discussion is unnecessary beyond simple introduction of the dispositive issue.   I also believe its presence may leave the mistaken impression this Court is prepared to unanimously shift away from applying *Brockel* to voluntary patrol car rides.   *State v. Brockel,* 2008 ND 50, 746 N.W.2d 423.

[¶ 15]   DANIEL J. CROTHERS, CAROL RONNING KAPSNER