2010 ND 66

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Eric Wayne LOH, Defendant and Appellant.**

Nos. 20090098, 20090099.

Supreme Court of North Dakota.

April 6, 2010.

Cynthia Mae Feland (argued), Assistant State's Attorney, and Christopher S. Pieske (on brief), Legal Intern and third-year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, N.D., for plaintiff and appellee.

Michael Ray Hoffman, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Eric Wayne Loh appeals from criminal judgments entered after he conditionally pled guilty to two counts of delivery of methamphetamine. Because we conclude the district court did not err in denying his motions to suppress evidence in each case and the court did not err in sentencing Loh to the mandatory minimum sentence of 20 years in each case under N.D.C.C. § 19–03.1–23, we affirm.

I

[¶ 2] Loh was charged with two counts of delivery of methamphetamine after he sold methamphetamine to a confidential informant on August 5, 2007, and October 8, 2007. On each of those dates, Loh entered the confidential informant's car and sold the informant methamphetamine for $200. The confidential informant was wearing an audio transmitting device ("wire"), and police officers were listening to and recording the conversations between Loh and the informant. On each occasion the informant turned over to police a small bag containing methamphetamine. Loh was subsequently arrested and charged with two counts of delivery of methamphetamine. Each count was charged as a third or subsequent offense.

[¶ 3] In September 2008, Loh moved to suppress evidence in both cases because no warrant was obtained for use of the wire. After a hearing, the court denied the motions, stating, "The Court finds as a matter of constitutional law that Loh had no right of privacy when he put himself in the [confidential informant's] vehicle for the purpose of selling [the confidential informant] methamphetamine. The recording of both conversations between Loh and the [confidential informant] do not violate the Constitution of North Dakota." Loh entered conditional guilty pleas to the charges under N.D.R.Crim.P. 11(a)(2), reserving his right to appeal the district court's denial of his suppression motions.

[¶ 4] Loh also objected to imposition of the 20–year mandatory minimum sentence for each count. In his objection, Loh acknowledged he was convicted in 1996 of one count of delivery of marijuana and methamphetamine and a second count of delivery of only marijuana. Loh conceded the conviction for delivery of marijuana and methamphetamine counted as an enhancement conviction under N.D.C.C.

§ 19–03.1–23, but argued the conviction for delivery of only marijuana should not be considered an enhancement conviction, asserting that *State v. Laib*, 2002 ND 95, 644 N.W.2d 878 was wrongly decided. He claimed he should be given only a five-year minimum mandatory sentence for a second offense. The district court rejected his arguments, stating, "[T]he Court has no choice in this matter. The legislature has set the rules. The Court has to follow those." The court sentenced Loh to 20 years of imprisonment on each count to run concurrently.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06(1). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06. The appeal was timely under N.D.R.App.P. 4(b).

## II

[¶ 6] Loh argues that the district court erred in denying his motion to suppress evidence because the police did not obtain a warrant for the use of the wire.

[¶ 7] Our standard of review of a district court's decision whether to suppress evidence is well-established:

> In reviewing a district court's decision on a motion to suppress evidence, we defer to the court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381. This Court will affirm a district court's decision on a motion to suppress if "there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994). On appeal, questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. *Graf*, at ¶ 7.

*State v. Brockel*, 2008 ND 50, ¶ 4, 746 N.W.2d 423.

[¶ 8] The Fourth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, and Article I, § 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures by the government. *See Brockel*, 2008 ND 50, ¶ 8, 746 N.W.2d 423; *State v. Gregg*, 2000 ND 154, ¶ 22, 615 N.W.2d 515. "The United States Supreme Court has defined a search, within the meaning of the Fourth Amendment, as an intrusion into a person's reasonable expectation of privacy." *Gregg*, at ¶ 22 (citing *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).

> When an individual reasonably expects privacy in an area, the government, under the Fourth Amendment, must obtain a search warrant unless the intrusion falls within a recognized exception to the warrant requirement. In the absence of such an exception, evidence obtained in violation of the Fourth Amendment's protections against unreasonable searches must be suppressed as inadmissible under the exclusionary rule.

*Gregg*, at ¶ 23 (citation and quotation omitted).

[¶ 9] Chapter 29–29.2, N.D.C.C., provides the procedures for obtaining a warrant-like, ex parte court order for wiretapping or eavesdropping. However, a court order authorizing electronic surveillance under N.D.C.C. ch. 29–29.2 is not required in certain circumstances:

> This chapter does not apply to the interception, disclosure, or use of a wire, electronic, or oral communication if the person intercepting, disclosing, or using the wire, electronic, or oral communication:

1. Was a person acting under color of law to intercept a wire, electronic, or oral communication and was a party to the communication or one of the parties to the communication had given prior consent to such interception; or

2. Was a party to the communication or one of the parties to the communication had given prior consent to such interception and such communication was not intercepted for the purpose of committing a crime or other unlawful harm.

N.D.C.C. § 29–29.2–05.

III

[¶ 10] Loh acknowledges the United States Supreme Court has held warrantless electronic monitoring of face-to-face conversations with the consent of one party to the conversation does not constitute a search and thus does not violate the Fourth Amendment. *See United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). Nonetheless, Loh asserts he moved to suppress under N.D. Const. art. I, §§ 8 and 12, and the evidence should have been suppressed because no warrant was obtained by the police for the use of the wire, asserting that our state constitution provides greater protection than the United States Constitution. Loh also states he "understands that he may be asking this Court to find" N.D.C.C. § 29–29.2–05 unconstitutional.

[¶ 11] In *White*, 401 U.S. at 746–47, 91 S.Ct. 1122 the Supreme Court decided "whether the Fourth Amendment bar[red] from evidence the testimony of governmental agents who related certain conversations which had occurred between [the defendant and a government informant] and which the agents overheard by monitoring the frequency of a radio transmitter carried by [and concealed on the informant]." The informant in *White* had conversations with the defendant in the informant's home, which were overheard by a government agent concealed in a closet with the informant's consent, and in the defendant's home, in a restaurant, and in the informant's car, which were overheard by using a concealed radio transmitter. *Id.* at 747, 91 S.Ct. 1122. The Supreme Court held a defendant had no reasonable expectation of privacy under the Fourth Amendment and *Katz* in not being electronically monitored while having conversations with a government informant regarding criminal matters. *White*, at 749–51, 91 S.Ct. 1122. The Court stated, "If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case." *Id.* at 752, 91 S.Ct. 1122 (citing *Lopez v. United States*, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963)). The Court reasoned:

Inescapably, one contemplating illegal activities must realize and risk that his companions may be reporting to the police. If he sufficiently doubts their trustworthiness, the association will very probably end or never materialize. But if he has no doubts, or allays them, or risks what doubt he has, the risk is his. In terms of what his course will be, what he will or will not do or say, we are unpersuaded that he would distinguish between probable informers on the one hand and probable informers with transmitters on the other. Given the possibility or probability that one of his colleagues is cooperating with the police, it is only speculation to assert that the defendant's utterances would be substantially different or his sense of security any less if he also thought it possible that the suspected colleague is wired

for sound. At least there is no persuasive evidence that the difference in this respect between the electronically equipped and the unequipped agent is substantial enough to require discrete constitutional recognition, particularly under the Fourth Amendment which is ruled by fluid concepts of "reasonableness."

*Nor should we be too ready to erect constitutional barriers to relevant and probative evidence which is also accurate and reliable.* An electronic recording will many times produce a more reliable rendition of what a defendant has said than will the unaided memory of a police agent. It may also be that with the recording in existence it is less likely that the informant will change his mind, less chance that threat or injury will suppress unfavorable evidence and less chance that cross-examination will confound the testimony. Considerations like these obviously do not favor the defendant, but *we are not prepared to hold that a defendant who has no constitutional right to exclude the informer's unaided testimony nevertheless has a Fourth Amendment privilege against a more accurate version of the events in question.*

*White,* 401 U.S. at 752–53, 91 S.Ct. 1122 (emphasis added).

[¶ 12] In concluding there was no Fourth Amendment search, the Supreme Court concluded it was "untenable" to consider, on the one hand, a police agent's warrantless activities and reports "reasonable" investigation and lawful under the Fourth Amendment but, on the other hand, "to view the same agent with a recorder or transmitter as conducting an 'unreasonable' and unconstitutional search and seizure." *Id.* at 753, 91 S.Ct. 1122. "[H]owever strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with the authorities." *Id.* at 749, 91 S.Ct. 1122 (discussing *Hoffa v. United States,* 385 U.S. 293, 302, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)).

[¶ 13] Rather than following *White,* Loh asks this Court to adopt the rationale of *State v. Goetz,* 2008 MT 296, ¶¶ 29–30, 35–37, 345 Mont. 421, 191 P.3d 489, in which the Montana Supreme Court held warrantless electronic monitoring and recording of defendants' face-to-face conversations with confidential informants constituted searches under the state constitution and, notwithstanding the informants' consent, violated state constitutional provisions on privacy and search and seizure. We decline, however, to follow *Goetz,* because it was based not only on Mont. Const. art. II, § 11, which contains equivalent language to the Fourth Amendment and N.D. Const. art. I, § 8, but also was based on Mont. Const. art. II, § 10, which explicitly protects the "right of individual privacy" and held to provide broader privacy rights than the Fourth Amendment. Although some states have taken a stricter view of privacy rights as a matter of state law, most states follow *White, see* 1 W. LaFave, *Search and Seizure* § 2.2(f), at 514 n.292 (4th ed. 2004 & Supp. 2009–2010) (cases collected therein), and we find the reasoning of *White* persuasive.

[¶ 14] Loh nevertheless contends he has demonstrated a reasonable expectation of privacy in the confidential informant's vehicle and in any conversation he had with the confidential informant in the informant's vehicle.

[¶ 15] In *State v. Kummer,* 481 N.W.2d 437, 439 (N.D.1992), superseded by statute on other grounds recognized in *State v. Murchison,* 541 N.W.2d 435, 440 (N.D. 1995), the defendant asserted the trial

court erred in failing to suppress evidence from electronic surveillance from an informant's body transmitter, because the surveillance was done without a court order. The defendant argued that the consent exception in N.D.C.C. § 29-29.2-05 did not "legalize the electronic surveillance" because the State did not prove consent. *Kummer*, at 439. In interpreting the consent provision under N.D.C.C. § 29-29.2-05, this Court looked to federal precedent and concluded the evidence satisfactorily established the informant's consent to the electronic surveillance when there was no dispute the informant wearing the body transmitter was cooperating with authorities, the informants were "fully aware" of the nature of the drug transaction at the motel, and the informant wearing the transmitter knew that the transaction was being monitored. *Kummer*, at 440. In concluding the trial court had properly refused to suppress evidence obtained from the electronic surveillance, this Court also addressed the defendant's assertion that greater protections than under the Fourth Amendment should be provided:

> Kummer also asserts that we should require exclusion of the evidence obtained as a result of the electronic surveillance based on *State v. Sarmiento*, 397 So.2d 643, 645 (Fla.1981), where the court held that Florida's equivalent to the Fourth Amendment precludes the warrantless interception of a private conversation in the subject's home. However, that section of the Florida Constitution has since been amended to require that it be construed in conformity with the Fourth Amendment. The Florida Supreme Court has concluded that this amendment effectively overruled *Sarmiento*. *See State v. Hume*, 512 So.2d 185, 187 (Fla.1987). Before that, moreover, a lower Florida appellate court had refused to apply *Sarmiento* to monitoring of a suspect's conversa-

tion in his motel room. *Padgett v. State*, 404 So.2d 151, 152 (Fla.Ct.App.1981). Even if an occupant has a reasonable expectation of privacy in his hotel room [*Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889, 893, 11 L.Ed.2d 856 (1964) ], Kummer was an invited guest of the occupants in this case. Kummer has not shown that he had a reasonable expectation of privacy during the three to five minutes he spent in the hotel room as an invited guest. *See*, for example, *People v. Rada*, 141 Misc.2d 218, 532 N.Y.S.2d 973, 976 (1988).

*Kummer*, 481 N.W.2d at 440–41.

[¶ 16] While our state constitution may provide greater protections than the United States Constitution, *State v. Wanzek*, 1999 ND 163, ¶ 19, 598 N.W.2d 811, the defendant has provided no separate analysis of our state constitution or its history. Under the facts and circumstance of this case, we are not persuaded that our state constitution was violated by law enforcement's warrantless electronic monitoring of Loh's face-to-face conversations with the confidential informant when the conversations and drug transactions occurred in the informant's car and the informant consented to the police's electronic monitoring. Here, as in *Kummer*, there is no dispute that the confidential informant was cooperating with police, was aware of the nature of the transactions, and consented to the electronic monitoring of the conversations with Loh.

[¶ 17] We decline Loh's suggestion to declare N.D.C.C. § 29-29.2-05 unconstitutional under our state constitution. We hold that the district court properly denied Loh's motions, seeking to suppress evidence from the electronic surveillance.

### IV

[¶ 18] Loh argues that the district court erred in sentencing Loh to the 20–

year mandatory minimum sentence in each case under N.D.C.C. § 19–03.1–23.

[¶ 19] We have described the standard for reviewing a criminal sentence:

A trial judge is allowed the widest range of discretion in fixing a criminal sentence; this court has no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Appellate review of a criminal sentence is generally confined to whether the [district] court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor. Statutory interpretation, however, is a question of law fully reviewable on appeal.

*State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530 (citations and quotations omitted).

[¶ 20] Loh contends that N.D.C.C. § 19–03.1–23(1)(a)(1) and (2) are limited to charges and convictions involving the manufacture, delivery, or possession with intent to manufacture or deliver a narcotic drug or methamphetamine, and, further, that those subsections do not include charges or convictions for manufacturing, delivering, or possessing with intent to manufacture or deliver marijuana. Loh concedes this Court decided this issue adversely to him in *State v. Laib*, 2002 ND 95, ¶¶ 10–17, 644 N.W.2d 878. Loh contends, however, *Laib* was wrongly decided and asks us to overrule the decision. The State asserts application of *Laib* to this case demonstrates that the district court imposed the proper mandatory minimum sentence.

[¶ 21] We decline Loh's invitation to overrule *Laib*. Although Loh asserts this Court misinterpreted N.D.C.C. § 19–03.1–23, we observe that since this Court's decision in *Laib,* the legislature has amended N.D.C.C. § 19–03.1–23, but has not amended the statute to correct any asserted "misinterpretation" by this Court in the intervening years. *See, e.g.,* 2009 N.D. Sess. Laws ch. 198, § 4; 2007 N.D. Sess. Laws ch. 211, § 1; 2007 N.D. Sess. Laws ch. 210, § 1; 2005 N.D. Sess. Laws ch. 196, § 2; 2003 N.D. Sess. Laws ch. 138, § 70; *see Rodenburg v. Fargo–Moorhead YMCA*, 2001 ND 139, ¶ 26, 632 N.W.2d 407 (presuming the legislature is aware of a statute's judicial construction and acquiesces in that construction from a failure to amend a particular statutory provision, and stating the failure to amend language is interpreted by the courts as evidence the court's interpretation accords with the legislative intent).

[¶ 22] We conclude the district court properly sentenced Loh under N.D.C.C. § 19–03.1–23.

V

[¶ 23] We have considered the remaining arguments raised by Loh and determine they are either unnecessary to our decision or without merit. The criminal judgments are affirmed.

[¶ 24] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.