2014 ND 30

STATE of North Dakota, Plaintiff
and Appellee

v.

Cory James REIS, Defendant
and Appellant.

State of North Dakota, Plaintiff
and Appellee

v.

Cory James Reis, Defendant
and Appellant

State of North Dakota, Plaintiff
and Appellee

v.

Cory James Reis, Defendant
and Appellant.

Nos. 20130192, 20130193, 20130194.

Supreme Court of North Dakota.

Feb. 13, 2014.

Gabrielle J. Goter, State's Attorney, Mandan, N.D., Justin J. Schwarz, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Steven Balaban, Bismarck, N.D., for defendant and appellant; submitted on brief.

CROTHERS, Justice.

[¶ 1] Cory Reis appeals from criminal judgments entered after he conditionally pled guilty to controlled substance, burglary and theft of property charges. We affirm, concluding the district court did not err in denying Reis' motion to suppress because the police officers had probable cause to believe the vehicle contained contraband justifying a warrantless search of the vehicle.

I

[¶ 2] On September 29, 2012, Bismarck Police Officer Kendall Vetter received a report of a possible drunk driver in the area of Ash Coulee and North Washington. Vetter received a report of a pickup truck swerving all over the road and going into the ditch. Dispatch gave Vetter the vehicle's license plate number. Vetter located a vehicle matching the truck's description and license number parked at a grass recycling site in the area of Ash Coulee and North Washington. Vetter parked his patrol car approximately two car lengths behind the truck. Vetter did not turn on his emergency lights, but he left on his vehicle's headlights and shined a spotlight on the truck. Vetter noted the truck was running and the only occupant was seated in the passenger seat. The occupant later was identified as Reis. Reis exited the truck as Vetter approached, indicating he was throwing away trash. Vetter testified he believed Reis was possibly under the influence of a depressant because Reis was mumbling, his speech was slurred, his eyes were glossy and his mannerisms were slow. Reis left the passenger door of the vehicle open. Vetter approached the vehicle and saw a handgun with a magazine in it and several loose pills on the floorboards.

[¶ 3] Vetter testified he handcuffed Reis for safety reasons because of the handgun. As Vetter detained Reis, Reis loudly yelled a profanity at "Jen." Vetter testified he believed a female named Jen was associated with the vehicle and was nearby, and he relayed this information over the radio. Officer David Johnson was en route to assist Vetter when he heard the information about the female. When Johnson neared the recycling site, he saw a female seated on the walking path with her back to the road. Johnson approached and noticed the female was crying. The female later was identified as Jennifer Francisco. Francisco told Johnson that her boyfriend had fallen asleep while driving and the vehicle went in the ditch, that they got the vehicle back on the roadway but that they stopped the vehicle after they got into an argument. Johnson testified he believed Francisco was under the influence of something because of her physical mannerisms and her answers to his questions.

[¶ 4] Johnson informed Vetter that he found the female, and Vetter requested Johnson bring her to the recycling site because they needed to take care of some items found in the vehicle. When Johnson arrived at the recycling site, Vetter told him he found a loaded handgun in the vehicle in plain view. Vetter also spoke with Francisco and noted she was in the same condition as Reis, with slurred speech, glossy eyes and slow mannerisms. Johnson noticed the loose pills on the floor of the vehicle, called the commander's desk to get information about one of the pills and determined the pill was a controlled substance based on the description of the pill.

[¶ 5] Vetter searched the vehicle and found a loaded handgun, a large amount of pills, marijuana paraphernalia, a digital scale with residue, syringes, a lighter, razor blades and pill containers. The items were located in containers and bags

throughout the vehicle's passenger compartment. Vetter located a locked box on the vehicle's backseat. Vetter testified he pried the locked box open without difficulty and without damaging the box and found a large amount of pills.

[¶ 6] Reis was charged with four counts of possession of a controlled substance with intent to deliver and two counts of possession of drug paraphernalia in Burleigh County case number 08–2012–CR–02377 and one count of possession of a controlled substance with intent to deliver in Burleigh County case number 08–2012–CR–02899. Reis was charged with burglary and theft of property in Morton County case number 30–2013–CR–00002 after law enforcement connected the pills in his possession to theft from a pharmacy there. The charges in all three cases resulted from evidence found during the search of the car.

[¶ 7] Reis moved to suppress evidence in all three cases, arguing an illegal search of the vehicle occurred and any evidence obtained as a result of that search must be suppressed. In Burleigh County case number 08–2012–CR–02377, the district court denied Reis' motion to suppress. The court found Vetter's initial encounter with Reis was a consensual encounter and Reis was not seized until handcuffed and placed in the back of Vetter's patrol car. The court also found the loose pills on the floor of the vehicle combined with Reis' behavior provided Vetter with probable cause to believe the vehicle contained controlled substances or other contraband, justifying a warrantless search of the vehicle. This decision was adopted in the other two cases and Reis' motions to suppress in those cases also were denied. Reis conditionally pled guilty to the charges in all three cases and criminal judgments were subsequently entered. Reis appeal-

ed all three cases. We consolidated the cases.

II

[¶ 8] In reviewing a district court decision on a motion to suppress, we give deference to the district court's findings of fact and we resolve conflicts in testimony in favor of affirmance. *State v. Tognotti*, 2003 ND 99, ¶ 5, 663 N.W.2d 642. We "will not reverse a district court decision on a motion to suppress ... if there is sufficient competent evidence capable of supporting the court's findings, and if the decision is not contrary to the manifest weight of the evidence." *State v. Gefroh*, 2011 ND 153, ¶ 7, 801 N.W.2d 429. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *Id.*

A

[¶ 9] Reis contends Vetter did not have a reasonable and articulable suspicion to approach the vehicle and then search the vehicle without a warrant.

[¶ 10] The Fourth Amendment of the United States Constitution states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." "Not every law enforcement contact with a citizen is a seizure, and law enforcement officers do not violate the Fourth Amendment merely by approaching individuals on the street or in other public places." *State v. Guscette*, 2004 ND 71, ¶ 8, 678 N.W.2d 126. "A seizure does not occur simply because a law enforcement officer questions a person, and as long as reasonable persons would feel free to disregard the officer and go about their business, the encounter is consensual and a reasonable suspicion of criminal activity is not required." *Id.* "To constitute a seizure, an officer must in

some way restrain an individual's liberty by physical force or show of authority." *Id.*

[¶ 11] The district court found Vetter's initial encounter with Reis was consensual and was not a seizure. Vetter testified he parked his patrol car approximately two car lengths behind the pickup truck, he did not block the truck's path and he left his headlights on but did not turn on his emergency lights. Vetter testified Reis exited the vehicle as Vetter approached and Reis indicated he was throwing away some trash. Reis concedes Vetter could approach the vehicle to investigate. We conclude Reis was not "seized" within the meaning of the Fourth Amendment when Vetter approached the vehicle and spoke to Reis. *See Abernathey v. Dep't of Transp.*, 2009 ND 122, ¶ 15, 768 N.W.2d 485 (defendant was not seized when officer did not block defendant's vehicle from leaving the scene, officer did not use emergency lights and officer requested defendant exit the vehicle). The court did not err in finding the initial encounter was consensual and reasonable suspicion was not required.

[¶ 12] "[I]f an officer learns something during a public encounter with a person that causes a reasonable suspicion or probable cause, the encounter can justify further investigation, seizure, and even arrest. A public encounter does not foreclose the officer from making observations that reasonably lead to further action." *Abernathey*, 2009 ND 122, ¶ 16, 768 N.W.2d 485 (quoting *State v. Franklin*, 524 N.W.2d 603, 605 (N.D.1994)). "A law enforcement officer has a reasonable and articulable suspicion that a law has been or is being violated if a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential criminal activity." *Abernathey*, at ¶ 16.

[¶ 13] The district court found Reis was seized when Vetter handcuffed Reis and placed him in the back of the patrol car. The court found reasonable suspicion existed to seize Reis because the vehicle was running, Reis was the only person in the vehicle, Vetter saw a handgun and loose pills on the floor of the vehicle and Reis' speech was slurred and his eyes were glossy. The evidence supports the court's findings. Under the totality of the circumstances, we conclude that, at the time Reis was seized, Vetter had a reasonable and articulable suspicion that Reis was, or was about to be, engaged in unlawful activity. We conclude Reis' Fourth Amendment rights were not violated.

B

[¶ 14] Reis argues the search of the vehicle was unreasonable and violated his Fourth Amendment rights because there was not probable cause or a warrant or any exception to the warrant requirement to justify the search. He contends the police officers did not have a valid reason to search the vehicle further than plain view allowed.

[¶ 15] "Under the Fourth Amendment, the government must obtain a warrant before conducting a search when a person has a reasonable expectation of privacy, unless the search falls within a recognized exception to the warrant requirement." *Gefroh*, 2011 ND 153, ¶ 8, 801 N.W.2d 429. The automobile exception is a recognized exception to the warrant requirement and allows a police officer to search a vehicle without a warrant if probable cause exists that the vehicle contains contraband. *Id.; see also Carroll v. United States*, 267 U.S. 132, 153–56, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

"Probable cause exists to search a vehicle if it is established that 'certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place.' If a warrantless search of an automobile is made with probable cause, based on a reasonable belief arising out of the circumstances known to the officer that the automobile contains articles which are subject to seizure, the search is valid."

*State v. Dudley*, 2010 ND 39, ¶ 7, 779 N.W.2d 369 (quoting *State v. Zwicke*, 2009 ND 129, ¶ 9, 767 N.W.2d 869) (citations omitted). "[I]n determining whether a law enforcement officer reasonably believed an automobile contained articles subject to seizure, courts take into account the 'inferences and deductions that a trained and experienced officer makes.'" *Dudley*, at ¶ 7 (quoting *State v. Guthmiller*, 2002 ND 116, ¶ 15, 646 N.W.2d 724).

[¶ 16] The district court found the loose pills on the floor of the vehicle combined with Reis' behavior provided Vetter with probable cause to believe the vehicle contained controlled substances or other contraband. Vetter testified dispatch informed him it received a report of a pickup truck swerving all over the road and driving into the ditch. Vetter testified the vehicle Reis occupied matched the description of the reported vehicle. Vetter testified he believed Reis was under the influence of some type of drug, possibly a depressant because Reis had glossy eyes, his mannerisms were slow, his speech was slurred, he was mumbling and he was difficult to understand. Vetter also testified Francisco was in a similar state. Vetter testified he saw several pills laying loose on the ·floorboards when he approached the vehicle. Johnson verified one of the pills was a controlled substance. The court's finding that Vetter reasonably believed the vehicle contained controlled substances is not clearly erroneous. We conclude probable cause existed justifying a warrantless search of the vehicle.

## C

[¶ 17] Reis argues the search of the containers in the vehicle, particularly the locked box, violated his Fourth Amendment rights because the police officers did not have consent or a warrant.

[¶ 18] When police officers have probable cause to believe a vehicle contains contraband and the automobile exception to the warrant requirement applies, the officers may search the vehicle and any containers within the vehicle that may contain the object of the search. *United States v. Ross*, 456 U.S. 798, 800, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *see also Wyoming v. Houghton*, 526 U.S. 295, 301, 307, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999); *State v. Haibeck*, 2004 ND 163, ¶¶ 10–11, 685 N.W.2d 512. "The scope of a warrantless search based on probable cause is no narrower-and no broader-than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize." *Ross*, at 823, 102 S.Ct. 2157. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825, 102 S.Ct. 2157. This applies equally to all containers, and includes the ability to search a locked container if the container may conceal the object of the search. *Id.* at 822, 102 S.Ct. 2157; *see also Houghton*, at 301, 119 S.Ct. 1297. A showing of individualized probable cause for each container searched is not required. *Houghton*, at 302, 119 S.Ct. 1297.

[¶ 19] The district court found sufficient probable cause existed to search the entire car for controlled substances and other contraband. The court also found the probable cause extended to the locked box located on the vehicle's backseat, justifying the search of the box.

[¶ 20] Citing *Florida v. Jimeno*, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), Reis argues the search of the locked box was illegal. However, *Jimeno* is different from this case. In *Jimeno*, the United States Supreme Court decided whether a criminal suspect's Fourth Amendment right to be free from unreasonable searches is violated when the suspect gives police consent to search his vehicle and the police open a closed container found within the car. *Id.* at 249, 111 S.Ct. 1801. The Court held there is not a Fourth Amendment violation if it is objectively reasonable for the police to believe the scope of the suspect's consent to search permitted them to open the container. *Id.*

[¶ 21] In this case, the officers did not ask for consent to search the vehicle, the officers had probable cause to believe contraband was located in the vehicle, and they could search any part of the vehicle where the contraband could be found, including the locked box. The officers did not need Reis' consent to open the locked box or search any of the other containers. Because probable cause existed to search the vehicle for controlled substances and the locked box could contain the object of the search, the police officers were allowed to search the locked box. The district court properly found the search of the locked box and other containers did not violate Reis' Fourth Amendment rights.

### III

[¶ 22] We conclude the police officers had probable cause to believe the vehicle contained contraband and properly searched the vehicle and any containers located within the vehicle under the automobile exception to the warrant requirement. Therefore, the search of the vehicle and the containers found within the vehicle did not violate Reis' Fourth Amendment rights and any evidence obtained as a result of the search should not be suppressed. The district court properly denied Reis' motion to suppress. We affirm the criminal judgments.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.

[¶ 24] The Honorable Lisa Fair McEvers was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Mary Muehlen Maring, sitting.