2015 ND 211

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Rebekah Maxine POGUE, Defendant and Appellee.**

No. 20140355.

Supreme Court of North Dakota.

Aug. 25, 2015.

Jacob T. Rodenbiker, State's Attorney, Watford City, ND, for plaintiff and appellant.

Daniel S. El–Dweek, Williston Public Defender Office, Williston, ND, for defendant and appellee.

McEVERS, Justice.

[¶ 1]   The State appeals from a district court order granting Rebekah Maxine Pogue's motion to suppress evidence. We affirm the district court's order because the State did not satisfy its burden to show law enforcement's warrantless search of Pogue's vehicle qualified as a valid inventory search, an exception to the warrant requirement, or that the good faith exception to the exclusionary rule applies.

I

[¶ 2]   Officer Andrew Langowski, a Watford City police officer, initiated a traffic stop of a vehicle for exceeding the speed limit.   The driver of the vehicle could not produce any form of identification, proof of insurance, or registration, but identified herself as Sarah Hernandez. The officer detected an odor of alcohol coming from the vehicle and noticed the driver had bloodshot, watery eyes, slurred speech and displayed slow, sluggish movements.   After the driver submitted to field sobriety testing and an onsite screening test, she was arrested for driving under the influence.   The officer received the driver's permission to move the vehicle out of a private driveway, across the street. The driver submitted to a chemical blood test and was taken to jail for booking.

[¶ 3]   During the booking process, law enforcement realized the driver had provided   false   identification   information. When confronted by law enforcement, the driver identified herself as Pogue and admitted she had initially provided a false name.   According to Pogue's arrest report, law enforcement then impounded the vehicle Pogue had been driving and performed an inventory search of it due to "the vehi-

cle not belonging to her, expired registration, and False Information charge . . . ." During the search, law enforcement found a black cloth bag containing drug paraphernalia items and methamphetamine. The officer applied for a warrant to further search the vehicle and submitted an affidavit in support of the application. In the affidavit, the officer stated he impounded the vehicle "due to no current registration, false information to a police officer, and obstruction of a private driveway." The officer also stated "[u]pon completing an impound inventory, per department directive," he found a black cloth bag containing multiple items of drug paraphernalia and a clear plastic container of a white crystalline substance, which tested positive for the presence of methamphetamine. The district court issued a search warrant for the vehicle based upon the affidavit. The officer executed the search warrant and found additional used syringes and what resembled a drug transaction ledger.

[¶ 4] Pogue was charged with four counts of possession of a controlled substance and two counts of possession of drug paraphernalia. Pogue moved to suppress the evidence found as a result of the inventory search. Neither party requested a hearing, and no hearing was held. The district court granted Pogue's suppression motion, concluding the vehicle was not impounded for caretaking or safety concerns, therefore, the inventory search exception did not apply. The State moved the district court to reconsider. Pogue responded arguing a motion to reconsider is not an available remedy under North Dakota law and the appropriate remedy is to appeal.

[¶ 5] The State appealed the district court's order granting Pogue's suppression motion, before the district court ruled on its motion to reconsider. The State argues the district court erred when it granted Pogue's motion to suppress because the initial warrantless search qualified as an inventory search, an exception to the warrant requirement. Alternatively, the State argues the district court's order granting Pogue's motion to suppress should be reversed because the good faith exception to the exclusionary rule applies. Pogue argues the State's appeal is not ripe for review because the State appealed before the district court ruled on its motion to reconsider.

## II

[¶ 6] As a preliminary matter, we address Pogue's argument that the State's appeal is not ripe for review because the State filed its notice of appeal before the district court ruled on its motion to reconsider. Under N.D.R.App.P. 4(b)(1)(B), the State must file the notice of appeal within 30 days after entry of the order being appealed. A motion for reconsideration does not toll the time for filing a notice of appeal. *See State, ex rel. Harris v. Lee*, 2010 ND 88, 782 N.W.2d 626 (granting a supervisory writ to address the jurisdiction of the district court where the State failed to timely file an appeal when the district court denied the motion for reconsideration after the deadline to appeal had passed). The State could have lost its opportunity to file a timely notice of appeal, had it waited for the district court to rule on its motion to reconsider because the State's motion to reconsider would not have tolled the time for filing a notice of appeal from the district court's order suppressing evidence. Therefore, the State properly filed a notice of appeal in order to avoid losing the opportunity to appeal. As such, we conclude the appeal is ripe for review.

## III

[¶ 7] The State argues the district court erred by granting Pogue's motion to

suppress because the initial warrantless search of Pogue's vehicle qualified as an inventory search, which is an exception to the warrant requirement. Pogue argues the initial warrantless search of Pogue's vehicle does not qualify as a valid inventory search because 1) law enforcement did not impound Pogue's vehicle under its caretaking function, and 2) law enforcement failed to follow its written directive for impounding and inventorying vehicles.

[¶ 8] This Court reviews a trial court's decision on a motion to suppress as follows:

> [W]e give deference to the district court's findings of fact and we resolve conflicts in testimony in favor of affirmance. *State v. Tognotti*, 2003 ND 99, ¶ 5, 663 N.W.2d 642. We "will not reverse a district court decision on a motion to suppress ... if there is sufficient competent evidence capable of supporting the court's findings, and if the decision is not contrary to the manifest weight of the evidence." *State v. Gefroh*, 2011 ND 153, ¶ 7, 801 N.W.2d 429. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *Id. State v. Reis*, 2014 ND 30, ¶ 8, 842 N.W.2d 845. Whether law enforcement violated constitutional prohibitions against unreasonable search and seizure is a question of law. *State v. Uran*, 2008 ND 223, ¶ 5, 758 N.W.2d 727.

[¶ 9] The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. *State v. Holly*, 2013 ND 94, ¶ 12, 833 N.W.2d 15. A search, within the meaning of the Fourth Amendment, is an intrusion into a person's reasonable expectation of privacy. *State v. Gregg*, 2000 ND 154, ¶ 22, 615 N.W.2d 515. "When an individual reasonably expects privacy in an area, the government, under the Fourth Amendment, must obtain a search warrant unless the intrusion falls within a recognized exception to the warrant requirement." *Gregg*, 2000 ND 154, ¶ 23, 615 N.W.2d 515. If no exception applies, the evidence obtained in violation of the Fourth Amendment must be suppressed as inadmissible under the exclusionary rule. *Id.*

[¶ 10] "A person alleging his rights have been violated under the Fourth Amendment has an initial burden of establishing a prima facie case of illegal seizure. However, after the defendant has made a prima facie case, the burden of persuasion is shifted to the State to justify its actions." *City of Fargo v. Sivertson*, 1997 ND 204, ¶ 6, 571 N.W.2d 137 (citation omitted). The movant initially has the burden to make specific allegations of illegality and to produce evidence to persuade the court the evidence should be suppressed. *State v. Glaesman*, 545 N.W.2d 178, 182 n. 1 (N.D.1996).

[¶ 11] Here, Pogue satisfied her burden to establish a prima facie case of an illegal seizure when she moved to suppress all evidence obtained as a result of the initial *warrantless* search of her vehicle and attached a portion of the arrest report discussing the reasons for the impound of the vehicle and describing the searches. The State conceded as much by generally agreeing to the facts set forth in Pogue's exhibit in its response to the motion. The burden of persuasion then shifted to the State to justify its actions, by showing an exception to the warrant requirement applied. *State v. Lanctot*, 1998 ND 216, ¶ 8, 587 N.W.2d 568.

[¶ 12] In its response to Pogue's motion to suppress, the State argued the initial warrantless search of Pogue's vehicle qualified as an inventory search. The only evidence produced by the State was

four exhibits to its response to Pogue's motion: 1) Watford City Police Department's Written Directive for Impounding Vehicles; 2) Officer Langowski's Affidavit in Support of the Application for the Search Warrant; 3) the Search Warrant; and 4) the Search Warrant Receipt and Inventory.

[¶ 13] A valid inventory search qualifies as an exception to the warrant requirement. *Colorado v. Bertine*, 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). Three needs may justify local police departments' routine practice of securing and inventorying an impounded automobile's contents: "(1) the protection of the owner's property while it remains in police custody; (2) the protection of the police against claims or disputes over lost or stolen property; and (3) the protection of the police from potential danger." *State v. Muralt*, 376 N.W.2d 25, 26 (N.D.1985). This Court has explained the analysis applied in automobile inventory search cases:

> Under the inventory search exception, "police need neither probable cause nor a warrant to search a vehicle." *State v. Holmes*, 569 N.W.2d 181, 186 (Minn. 1997) (citing *Illinois v. Lafayette*, 462 U.S. 640, 643 [103 S.Ct. 2605, 77 L.Ed.2d 65] (1983)). In other words, the basis for an inventory search does not arise because the police suspect the vehicle contains contraband or evidence of crime. Rather, the basis for an inventory search rests on the administrative and caretaking functions which we identified in *[State v.] Kunkel*, 455 N.W.2d [208,] 211 [ (N.D.1990) ] (citing *Colorado v. Bertine*, 479 U.S. 367, 372 [107 S.Ct. 738, 93 L.Ed.2d 739] (1987)). The Fourth Amendment examination of an inventory search, therefore, turns not on the issue of probable cause, which is the traditional basis for the warrantless

search of vehicles, but on the issues of whether the vehicle was *properly impounded* and the search was carried out in accordance with standard police procedures. *Holmes*, 569 N.W.2d at 187; *see also State v. Goff* [166 W.Va. 47], 272 S.E.2d 457, 459 (W.Va.1980) (discussing the difference between inventory searches and the "automobile exception").

*State v. Syvertson*, 1999 ND 137, ¶ 23, 597 N.W.2d 644 (citing *State v. Garrett*, 1998 ND 173, ¶ 18 n. 3, 584 N.W.2d 502) (emphasis added). "The impounding of a vehicle passes constitutional muster so long as the decision to impound is guided by a standard policy—even a policy that provides officers with discretion as to the proper course of action to take—and the decision is made 'on the basis of something other than suspicion of evidence of criminal activity.'" *United States v. Le*, 474 F.3d 511, 514 (8th Cir.2007) (quoting *Colorado v. Bertine*, 479 U.S. 367, 375, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987)). Inventories conducted for administrative and caretaking purposes according to reasonable police regulations relating to inventory procedures administered in good faith are permissible under the Fourth Amendment. *State v. Ressler*, 2005 ND 140, ¶ 23, 701 N.W.2d 915 (relying on *State v. Kunkel*, 455 N.W.2d 208, 211 (N.D.1990)). When a search is carried out in the midst of a criminal investigation and there is no evidence the police were concerned with protecting or safeguarding either their interests or the owner's property interests, an inventory search contravenes the Fourth Amendment. *Ressler*, at ¶ 23–24. When evaluating the propriety of an inventory search, the central question is whether the search was reasonable under the totality of the circumstances. *United States v. Garreau*, 735 F.Supp.2d 1155, 1162 (D.S.D.2010).

[¶ 14] Here, the district court found the warrantless search of Pogue's vehicle did not qualify as an inventory search because it was not properly impounded:

This court finds the vehicle was not impounded to further a caretaking function. Sergeant Langowski's report indicates the vehicle was impounded because it didn't belong to Pogue, expired registration, and the false information charge. Sergeant Langowski moved the vehicle across the street before he took Pogue to the law enforcement center. The vehicle sat on the side of the road until it was towed to the impound lot, sometime before 3:00 a.m. that evening. The Court does not have any evidence the vehicle was impounded for caretaking or safety concerns. In *State v. Gregg*, 2000 ND 154, ¶ 19, 615 N.W.2d 515, the North Dakota Supreme Court found a vehicle was properly impounded when it was a safety hazard because it was parked on the on ramp of I–94 and was not insured. The same safety and caretaking concerns do not exist in the present case. The caretaking function legitimizes an inventory search. *State v. Kunkel*, 455 N.W.2d 208, 211 (N.D. 1990). Without that justification, "an inventory is unreasonable and is an impermissible warrantless search in contravention of the Fourth Amendment." *Id.* The inventory exception to the warrant requirement does not apply and the warrantless search of the vehicle was impermissible. Probable cause for the search warrant subsequently issued for the vehicle was based exclusively upon the evidence illegally obtained in the warrantless search. The illegally obtained evidence cannot support a finding of probable cause. *Id.* The motion to suppress is GRANTED.

[¶ 15] The State argues the district court erred, as a matter of law, in finding there was no evidence the officer impounded the vehicle for caretaking or safety concerns justifying an inventory search. More specifically, the State argues insufficient competent evidence supports the court's finding and the decision is contrary to the manifest weight of the evidence. Pogue argues the State has not met its burden of showing law enforcement impounded her vehicle under its caretaking or safety functions.

[¶ 16] The State should not be complaining of the insufficiency of the evidence, where the State had the burden of persuasion. In Officer Langowski's arrest report, he noted his reason for impounding the vehicle as: "Due to the vehicle not belonging to her, expired registration, and False Information charge I impounded the black Mazda." In his affidavit in support of the application for a search warrant, Officer Langowski stated he impounded Pogue's vehicle "due to no current registration, false information to a police officer, and *obstruction of a private driveway.*" (Emphasis added.) However, according to Officer Langowski's arrest report, prior to arresting Pogue, he asked and received permission from Pogue to move the vehicle out of the private driveway it was obstructing and parked the vehicle across the street. Therefore, Officer Langowski's statement in the application for a search warrant that he impounded the vehicle because it was obstructing a driveway is contradicted by his own statements in the arrest report; therefore, it does not support a valid safety concern.

[¶ 17] The arrest report lists no current registration and the vehicle not belonging to her as reasons for impounding the vehicle. The arrest report indicates the officer knew shortly after the traffic stop the vehicle did not have current regis-

tration and did not belong to Pogue, due to its registration to another individual and Pogue's statement that it was her roommate's vehicle. Officer Langowski did not have the vehicle impounded after learning the vehicle did not have current registration and did not belong to Pogue. It was only after discovering that Pogue provided false information to law enforcement that Officer Langowski had the vehicle impounded. None of the exhibits presented to the district court made reference to caretaking or protection of property.

[¶ 18] The State provided a copy of the written directive for Watford City police officers to follow *after* it is determined that a vehicle should be impounded. The State offered no evidence on when officers are authorized to impound a vehicle. Under the written directive offered into evidence, an officer is to complete several procedural steps, including:

4. The impounding officer will complete a Call For Service (CFS) for *every* vehicle that is impounded. The narrative of this Call For Service (CFS) is to include the following information, but not limited to: Vehicle description and license plate, vehicle location, reason for impoundment, place of storage, towing service, time/date of vehicle impoundment and actions taken previously by other officers (warning tags, citations, verbal warning and/or traffic hazard) that lead up to the impoundment of the vehicle.

5. If the vehicle is seized and impounded as evidence or as part of a crime, this will be documented on the Watford City Police Department Vehicle Impound form and the Call For Service (CFS). It will be clearly stated why the vehicle has been seized and who the vehicle can be released to or by.

6. All paperwork (Call For Service and the Watford City Police Department Vehicle Impound form) will be completed prior to the end of the impounding officer's shift.

The State did not provide the district court with any documents required by this directive. The State did not request a hearing during which it could have presented testimony explaining how impounding the vehicle qualified as a caretaking function, rather than an investigative purpose, nor did it provide an affidavit explaining why the officer impounded the vehicle. While the State is not required to introduce testimony, it must present evidence to demonstrate the warrantless search meets an exception to the warrant requirement. *Lanctot*, 1998 ND 216, ¶ 9, 587 N.W.2d 568.

[¶ 19] The district court did not err in finding law enforcement did not impound the vehicle under its caretaking function because there is no evidence that the location of the vehicle presented a safety hazard. There was no evidence presented that specifically stated the vehicle was impounded to protect anyone's property. "We affirm the decision of a trial court on a motion to suppress, *after resolving conflicting evidence in favor of affirming the decision*, unless we conclude there is insufficient evidence to support the decision or the decision goes against the manifest weight of the evidence." *City of Jamestown v. Jerome*, 2002 ND 34, ¶ 6, 639 N.W.2d 478 (emphasis added). We have cautioned that trial courts should be wary of dispensing with an evidentiary hearing when parties raise Fourth Amendment issues. *See State v. Canfield*, 2013 ND 236, ¶¶ 7–8, 840 N.W.2d 620 (remanding for an evidentiary hearing). However, while an evidentiary hearing may have been helpful, there was evidence here to support the district court's decision. Al-

though the State argues law enforcement provided various reasons for impounding Pogue's vehicle, it was a tactical decision by the State to waive an evidentiary hearing. Based on the evidence presented, the district court specifically found the vehicle was not impounded to further a caretaking function. As such, under the totality of the circumstances, from this limited record, the State has failed to meet its burden of establishing the reasons for impounding a vehicle were anything other than for an investigative function.

## IV

[¶ 20] The State alternatively argues the evidence found after the search warrant was obtained should not be suppressed under the good faith exception to the exclusionary rule. The State argues the district court wrongly concluded the good faith exception did not apply and did not conduct the required analysis based on its reliance on *State v. Kunkel,* 455 N.W.2d 208 (N.D.1990).

[¶ 21] In *United States v. Leon,* the United States Supreme Court adopted the good faith exception to the exclusionary rule. 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Under the good faith exception, evidence seized pursuant to a warrant, even if obtained in violation of the Fourth Amendment, "should not be excluded when an officer has acted in good faith upon objectively reasonable reliance on the magistrate's probable cause decision." *State v. Lunde,* 2008 ND 142, ¶ 15, 752 N.W.2d 630. When determining whether the good faith exception applies, a court must decide "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* "[S]uppression is not the appropriate remedy for an illegal search if an officer's reliance on the search warrant was objec-

tively reasonable." *Id.* at ¶ 16. This Court has recognized four situations where reliance on a warrant cannot be objectively reasonable:

(1) when the issuing magistrate was misled by false information intentionally or negligently given by the affiant; (2) when the magistrate totally abandoned her judicial role and failed to act in a neutral and detached manner; (3) when the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) when a reasonable law enforcement officer could not rely on a facially deficient warrant.

*State v. Herrick,* 1999 ND 1, ¶ 15, 588 N.W.2d 847 (citing *Leon,* 468 U.S. at 923, 104 S.Ct. 3405).

[¶ 22] The purpose of the good faith exception to the exclusionary rule was, as noted in *United States v. Conner:*

The rule in *Leon* is based on the theory that where there was been no police illegality, there is no conduct the courts need to deter and therefore no basis to enforce the exclusionary rule. As the Supreme Court stated: "Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." The ultimate question under *Leon* is whether the officers "had an objectively reasonable basis to believe they were complying with applicable law and the Fourth Amendment.

127 F.3d 663, 667 (8th Cir.1997) (citations omitted). However, "when the warrant-issuing process leaves totally unresolved the lawfulness of the prior police activity, then there is no reason why that process should, via *Leon,* shield that activity from full scrutiny at the suppression hearing." 1 Wayne R. LaFave, *Search and Seizure* § 1.3(f) 98–99 (5th ed.2012). "If clearly

illegal police behavior can be sanitized by the issuance of a search warrant, then there will be no deterrence, and the protective aims of the exclusionary rule will be severely impaired if not eliminated." *United States v. O'Neal,* 17 F.3d 239, 242 n. 6 (8th Cir.1994) (citations omitted).

[¶ 23] In this case, neither party disputes that all of the evidence presented to the magistrate to apply for the search warrant derived from the warrantless "inventory" search of Pogue's vehicle. As a result, without the evidence from the initial warrantless search of Pogue's vehicle, there would have been no probable cause to obtain a search warrant. However, the State argues the officer who both sought and executed the search warrant, acted in good faith upon objectively reasonable reliance on the magistrate's probable cause decision. *See Lunde,* 2008 ND 142, ¶ 15, 752 N.W.2d 630. Pogue argues it was impossible for the officer to rely on the search warrant in good faith because the officer performed the invalid inventory search and applied for the warrant based upon the evidence he found in his initial illegal search. Specifically, Pogue argues this Court should continue to rely on *United States v. Vasey,* 834 F.2d 782 (9th Cir. 1987), and conclude law enforcement cannot rely on a search warrant in good faith, when it is obtained based upon evidence obtained from an illegal search the officer conducted. Pogue highlights that this Court relied on *Vasey* in *Kunkel* for this proposition in the inventory search context. *Kunkel,* 455 N.W.2d at 212 (citing *Vasey,* 834 F.2d 782) ("Illegally obtained evidence cannot be the basis of a magistrate's finding of probable cause.").

[¶ 24] In *Kunkel,* this Court discussed an inventory search that was conducted to discover evidence of a crime, rather than to fulfill a caretaking function. 455 N.W.2d at 210–11. As discussed in *Kunkel,* "it is the caretaking function which legitimizes an inventory. Absent that justification, an inventory is *unreasonable* and is an impermissible warrantless search in contravention of the fourth amendment." *Id.* at 211 (citing *Bertine,* 479 U.S. at 372, 107 S.Ct. 738; *South Dakota v. Opperman,* 428 U.S. 364, 376, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (emphasis added)).

[¶ 25] In *Kunkel,* probable cause for a search warrant for a vehicle was based exclusively upon the evidence illegally obtained in the invalidated inventory search. *Id.* This Court stated: "Illegally obtained evidence cannot be the basis of a magistrate's finding of probable cause." *Id.* at 211–12 (relying on *Vasey,* 834 F.2d 782). The district court relied on *Kunkel;* however, the good faith exception to the exclusionary rule was not addressed in *Kunkel.*

[¶ 26] In *Vasey,* law enforcement stopped the defendant for a routine traffic violation and arrested him on an outstanding felony drug warrant. 834 F.2d at 787. Law enforcement conducted a warrantless search of the vehicle at the arrest site, and a more thorough search after obtaining a search warrant. *Id.* The Ninth Circuit Court of Appeals concluded the initial warrantless search violated the Fourth Amendment and, thus, the search warrant was invalid because it was issued based upon the tainted evidence obtained during the initial illegal search. *Id.* at 788. However, the government argued the evidence seized in the search conducted under the warrant should be admissible under the good faith exception to the exclusionary rule. *Id.* at 789. The *Vasey* court distinguished its facts from *Leon,* stating: "The constitutional error was made by the officer in this case, not by the magistrate as in *Leon.* The *Leon* Court made it very clear that the exclusionary rule should apply (i.e., the good faith exception should not

apply) if the exclusion of evidence would alter the behavior of individual law enforcement officers or the *policies of their department*." *Id.* (emphasis added).

[¶ 27] The State urges this Court apply the analysis in *United States v. Fletcher*, 91 F.3d 48 (8th Cir.1996). In *Fletcher*, law enforcement believed it had reasonable suspicion to detain an individual's bag at the airport for a dog sniff. After the dog alerted, law enforcement applied for and obtained a search warrant for the bag, finding methamphetamine inside. *Id.* at 50. The Eighth Circuit Court of Appeals concluded there was not reasonable suspicion to detain the bag and, therefore, there was no probable cause for the search warrant. *Id.* at 51. However, the court then applied the good faith exception focusing its inquiry on "*whether the facts* surrounding reasonable suspicion are *close enough to the line of validity* that the police officers were entitled to a belief in the validity of the warrant and the existence of reasonable suspicion." *Id.* (emphasis added) (quotation marks omitted). The court further stated: "If the case presents such a 'close' question, the *Leon* good faith exception to the exclusionary rule should be considered." *Id.*

[¶ 28] Even if we were to apply *Fletcher*, the State's argument fails. The relevant facts to apply here are the facts surrounding the officers' good faith reliance on a valid inventory search. Good faith is a finding of fact. *See Fletcher*, 91 F.3d at 50. Whether a finding of fact meets a legal standard is a question of law, fully reviewable on appeal. *Lunde*, 2008 ND 142, ¶ 10, 752 N.W.2d 630. The district court's finding that the inventory search was unreasonable based on the absence of evidence of safety and caretaking concerns also implicitly finds the purpose of the search was solely for investigative reasons and, therefore, was not adminis-

tered in good faith. We are not persuaded to apply the "close question" analysis of *Fletcher* in the context of this case because the evidence here, or lack there of, does not present a "close question."

[¶ 29] In addition, unlike *Fletcher*, where there was no police conduct to deter, here we have police conducting a search where no evidence has been presented that law enforcement has a policy on *when* to impound a vehicle or that the impound directive in place was followed. No evidence was presented that law enforcement acted for any reason other than for investigative reasons. A valid inventory search must be conducted for administrative and caretaking purposes according to reasonable police regulations administered in good faith. Under these circumstances, the officer's pre-warrant conduct is clearly illegal and the good faith exception does not apply. *Conner*, 127 F.3d at 667. Accordingly, based on the facts presented in this case, we conclude the district court did not err in rejecting the State's good faith argument and the evidence found after the search warrant was obtained is not admissible.

## V

[¶ 30] We affirm the district court's order suppressing evidence obtained as a result of the warrantless search of Pogue's vehicle.

[¶ 31] DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 32] Although common sense should play some part in these decisions, it is sometimes necessary to state the obvious. Here, the caretaking function was different than if the vehicle had been owned by

Pogue. In that instance it would have been her responsibility to take care of her own vehicle and the State would need to justify its reason for impoundment. But Pogue did not own the vehicle and the vehicle registration had expired. Coupled with the false information given by Pogue, a reasonable person might well believe the vehicle to have been stolen. In that instance if the vehicle had been damaged or vandalized the police most probably would be charged with some form of negligence for not having taken action to protect the vehicle. Nevertheless, I do not excuse the State's failure to request a hearing to explain why it was a caretaking function to impound the vehicle. While it could be argued the justification for the caretaking function was obvious without the need for further evidence of policies and procedures, the State should not have left the trial court to rely on its own sound judgment. I concur in the result.

[¶ 33] GERALD W. VANDE WALLE, C.J.