# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 118

State of North Dakota,                                    Plaintiff and Appellant

     v.

Nicholas Dean Lelm,                                    Defendant and Appellee

### No. 20200236

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers, McEvers, and Tufte joined. Justice VandeWalle filed an opinion concurring in the result.

Austin Gunderson, Assistant State' Attorney, Mandan, ND, for plaintiff and appellant.

Aaron D. Pulanco (argued) and Joshua L. Weatherspoon (on brief), Bismarck, ND, for defendant and appellee.

# State v. Lelm
## No. 20200236

**Jensen, Chief Justice.**

[¶1]   The State appeals from an order suppressing evidence obtained from a warrantless search of Nicholas Lelm's backpack. The State argues the warrantless search was reasonable under either the automobile exception or search incident to arrest exception to the warrant requirement. Alternatively, the State argues that even if the warrantless search was unreasonable, the evidence is admissible under the inevitable discovery doctrine. Because neither the automobile exception nor the search incident to arrest exception applied to the warrantless search, and the State did not meet its burden of establishing the evidence would have been inevitably discovered, we affirm.

I

[¶2]   On August 28, 2019, a City of Mandan Police Officer initiated a traffic stop of a vehicle with two occupants, a driver and a passenger. The driver was arrested on outstanding warrants and for driving under suspension. The driver provided his consent to search the vehicle. Lelm, the passenger, was seated in the front passenger seat with a backpack on his lap.

[¶3]   The officer who initiated the stop called for the assistance of a drug-detection canine. After the canine arrived on the scene, Lelm was asked to exit the vehicle. Lelm exited the vehicle and took his backpack with him. Lelm placed his backpack on the ground some distance from the vehicle. The officers then detained Lelm, conducted a pat-down search, placed him in handcuffs, and secured him in the back of a patrol vehicle. While Lelm was detained and secured in the patrol vehicle, his backpack remained on the ground.

[¶4]   The canine positively alerted on the front passenger door prompting a search of the vehicle. During the search the officers found drugs in the center console, a gun on the passenger floorboard, and glass pipes in a grocery bag near the gun.

1

[¶5]  While on the scene, the canine paid no attention to the backpack. Upon completing the search of the vehicle, the officers searched the backpack and discovered drug paraphernalia and marijuana.

[¶6]  After he had been placed under arrest, Lelm complained of chest pains and requested medical assistance. An ambulance was called to the scene to transport Lelm to the hospital. At Lelm's suppression hearing, an officer testified that ambulance personnel generally require a search of personal property before an individual is transported to the hospital. The officer testified the backpack would have been searched if the backpack was in the ambulance and if Lelm would have claimed the backpack as his property.

[¶7]  Lelm moved to suppress the evidence found within the backpack arguing he had a reasonable expectation of privacy and the warrantless search was unreasonable. The State responded that the search was reasonable because it fell within either the automobile exception or search incident to arrest exception to the warrant requirement. Alternatively, the State argued that if the search was unreasonable, the evidence is admissible under the inevitable discovery doctrine. The district court granted Lelm's motion to suppress, and the State initiated this appeal.

II

[¶8]  The standard of review for a district court's decision on a motion to suppress is well established:

> In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We will affirm a district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*State v. Stands*, 2021 ND 46, ¶ 7, 956 N.W.2d 366 (quoting *State v. Hawkins*, 2017 ND 172, ¶ 6, 898 N.W.2d 446).

[¶9] "The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures." *State v. Casson*, 2019 ND 216, ¶ 7, 932 N.W.2d 380 (quoting *State v. Gagnon*, 2012 ND 198, ¶ 8, 821 N.W.2d 373). Where an individual has a reasonable expectation of privacy in an area, the government must obtain a search warrant unless the search falls within a recognized exception to the warrant requirement. *State v. Pogue*, 2015 ND 211, ¶ 9, 868 N.W.2d 522. If an exception does not apply to the search, evidence discovered in violation of the Fourth Amendment must be suppressed under the exclusionary rule. *Id*. The burden is on the State to prove a warrantless search falls within an exception to the warrant requirement. *State v. Zacher*, 2015 ND 208, ¶ 7, 868 N.W.2d 847.

III

[¶10] The State argues the search of the backpack was a proper warrantless search under the automobile exception. Under the automobile exception, officers may, when probable cause exists, search a vehicle for illegal contraband without a warrant. *State v. Lark*, 2017 ND 251, ¶ 16, 902 N.W.2d 739; *see State v. Reis*, 2014 ND 30, ¶ 18, 842 N.W.2d 845 (stating a search is limited to the vehicle and any containers within the vehicle that may contain the object of the search).

> Probable cause exists to search a vehicle if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place. If a warrantless search of an automobile is made with probable cause, based on a reasonable belief arising out of the circumstances known to the officer that the automobile contains articles which are subject to seizure, the search is valid.

*Reis*, at ¶ 15 (quoting *State v. Dudley*, 2010 ND 39, ¶ 7, 779 N.W.2d 369) (internal quotations omitted). A drug-sniffing dog indicating the presence of a

3

controlled substance in a vehicle establishes probable cause for officers to search that vehicle. *State v. Gefroh*, 2011 ND 153, ¶ 9, 801 N.W.2d 429.

[¶11] The district court found the automobile exception did not apply in this case because the backpack was not inside the vehicle when probable cause to search was established. The backpack was removed from the vehicle before officers performed an open air test with their drug-detection canine. The canine alerted to the passenger side of the vehicle but did not pay attention to the backpack that was outside the car. The court found there was insufficient information in the record to determine how long the backpack was outside the vehicle before the drug-detection canine was engaged and insufficient information to determine the amount of time the canine may indicate on a vehicle after a substance is removed.

[¶12] Once the drug-detection canine indicated the presence of a controlled substance in the vehicle, officers had probable cause to search the vehicle and any containers within the vehicle that may have concealed a controlled substance. The probable cause established by the canine's indication to the vehicle limited the search for potential illegal contraband within the vehicle and present at the time the sniff was conducted. Because the backpack was not within the vehicle at the time of the canine deployment, officers did not have probable cause to search the backpack and the automobile exception did not apply.

IV

[¶13] The State also argues the search of the backpack was reasonable under the search incident to arrest exception. The United States Supreme Court has noted the following regarding searches incident to arrest:

> Among the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Weeks v. United States*, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914). The [search incident to arrest] exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations. *See United States v. Robinson*, 414 U.S. 218, 230–234,

4

94 S.Ct. 467, 38 L.Ed.2d 427 (1973); [*Chimel v. California*, 395 U.S. 752, 763 (1969)].

> In *Chimel*, we held that a search incident to arrest may only include "the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." [*Chimel*, 395 U.S. 752, 763 (1969)]. That limitation, which continues to define the boundaries of the exception, ensures that the scope of a search incident to arrest is commensurate with its purposes of protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy. *See ibid.* (noting that searches incident to arrest are reasonable "*in order to* remove any weapons [the arrestee] might seek to use" and "*in order to prevent* [the] concealment or destruction" of evidence (emphasis added)). If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply. *E.g., Preston v. United States*, 376 U.S. 364, 367–368, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

*Arizona v. Gant*, 556 U.S. 332, 338–39 (2009); s*ee also State v. Tognotti*, 2003 ND 99, ¶ 8, 663 N.W.2d 642 (recognizing the scope of the search incident to arrest exception is limited).

[¶14] The search incident to arrest exception is limited to searches that implicate interests in protecting officer safety and evidence preservation. The State does not argue the search was necessary to prevent the destruction or concealment of evidence. The district court made specific findings regarding officer safety. Those findings included the following:

> When Lelm was detained, he was placed in the back of a patrol vehicle after he voluntarily informed law enforcement officers there was a gun in the vehicle. Officers did locate the weapon Mr. Lelm identified. Once detained, Lelm's backpack was no longer within his reach. Lelm did not have access to his backpack at the time it was searched, nor was it a part of his "person." Officers did not search the backpack due to officers' safety concerns, but rather, based upon the K-9 hit on Bloom's vehicle. Officer Belgarde

5

specifically testified the search of the backpack was not based upon officer safety. The exception to search the backpack based upon officer safety is without justification and does not apply to these facts.

[¶15] "This Court merely reviews findings of fact and does not make its own findings of fact." *State v. Knox*, 2016 ND 15, ¶ 13, 873 N.W.2d 664. Here, the State does not argue the search was necessary to prevent the destruction or concealment of evidence. Additionally, the district court made specific findings, supported by the testimony of a law enforcement officer, that the search was not for safety concerns. In the absence of either a concern for officer safety, or a need to preserve evidence from destruction or concealment, the search incident to arrest exception to the requirement to obtain a warrant does not apply.

V

[¶16] The State argues that even if the warrantless search was unreasonable, the evidence is still admissible under the inevitable discovery doctrine. The inevitable discovery doctrine allows evidence obtained during an unlawful search to be admissible "where it is shown that the evidence would have been gained even without the unlawful action." *State v. Hollis*, 2019 ND 163, ¶ 19, 930 N.W.2d 171 (quoting *State v. Friesz*, 2017 ND 177, ¶ 26, 898 N.W.2d 688). Under the North Dakota Constitution, this Court has adopted a two-part test to determine whether the inevitable discovery doctrine applies to a search:

> First, use of the doctrine is permitted only when the police have not acted in bad faith to accelerate the discovery of the evidence in question. Second, the State must prove that the evidence would have been found without the unlawful activity and must show how the discovery of the evidence would have occurred.

*State v. Holly*, 2013 ND 94, ¶ 54, 833 N.W.2d 15 (quoting *State v. Phelps*, 297 N.W.2d 769, 775 (N.D. 1980)).

[¶17] Lelm does not assert law enforcement acted in bad faith when searching his backpack. The district court correctly found the first prong of the inevitable discovery doctrine had been satisfied.

[¶18] After Lelm was placed under arrest, an ambulance was called to the scene to transport Lelm to the hospital for medical treatment. At Lelm's suppression hearing, the arresting officer testified that ambulance personnel generally require a search of personal property before an individual is transported to the hospital. The officer testified the backpack would have been searched if the backpack was in the ambulance and if Lelm would have claimed the backpack as his property. The following testimony was elicited at the hearing:

Q. This is — I guess, fast forward to when the ambulance is called. If there wasn't a search of the backpack at that time, what would law enforcement normally do before transporting that backpack, I guess, staying in the ambulance as a piece of property.

A. The ambulance require[s] we search prior to us sending him to the hospital.

Q. So the backpack would have been searched through a piece of property, you're saying, if he would have claimed that as his property?

A. Yes.

[¶19] During subsequent re-cross examination, the officer clarified his previous testimony by articulating that an individual who is being transported to a hospital by ambulance would need to consent to a search of the backpack before officers would search the backpack:

Q. You mentioned just briefly before I started asking questions that before somebody's taken to the hospital, a search of their property has to be done; right?

A. A lot of time ambulances will ask if we can please search somebody before they take them, yes.

Q. And is that just —

A. For their safety and the subject's safety.

Q. So specific for the reason of like, say, a firearm or kind of an explosive material, anything like that; right?

A. Yes.

Q. Okay. And that includes even personal property such as a luggage, backpack; right?

A. If they allow it to be searched, yes. If not, we're probably going to take it into evidence for them to come pick up or —

Q. If who allows it? The subject?

A. Yeah.

Q. Okay. And so Nick would have had to consent to the search of the property otherwise you would have just taken it into evidence?

A. If I didn't find the paraphernalia and stuff in the vehicle is what you're saying?

Q. Say he requested medical assistance and — so we're just talking about the medical, the search regarding any kind of property going with him. If, say, you only found the paraphernalia and he was being transported to the hospital, would you have searched the backpack at that time without his consent?

A. So you're saying if he wasn't placed under arrest, he was going to the hospital —

Q. Based on chest pains —

A. And he had the backpack on him?

Q. Yes.

A. What's that?

Q. Yep, just that.

A. Yeah. Then it'd be we'd either take it into evidence or find somebody to pick it up or something if we can't do a pat search of the backpack. I can pat search him for weapons but the backpack is going to come into evidence or find a place for it to go.

[¶20] The district court, after hearing the above testimony, made the following findings:

> The State attempted to present evidence that the backpack would have been searched based upon ambulance policy/request when Mr. Lelm was taken by ambulance to the hospital. However, Officer Belgarde testified he would still need consent of Mr. Lelm to search the backpack and absent that consent, the backpack would be taken back to the law enforcement center. No other examples or information [were] presented to the court to warrant an exception under the inevitable discovery exception, therefore, the court finds it does not apply to the backpack search in this case.

[¶21] The State has the burden to prove "by a preponderance of the evidence that the challenged evidence would have otherwise been discovered by lawful means in the course of the investigation." *Friesz*, 2017 ND 177, ¶ 26 (quoting *State v. Asbach*, 2015 ND 280, ¶ 16, 871 N.W.2d 820). Our standard of review on a motion to suppress requires us to affirm a district court's decision if "there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *Stands*, 2021 ND 46, ¶ 7 (quoting *Hawkins*, 2017 ND 172, ¶ 6).

[¶22] The State argues the officer's testimony regarding the need for consent only applied to situations where the individual had not been placed under arrest and, because Lelm was under arrest, the district court erred in finding Lelm's consent would have been required. Regardless of what would have happened had the backpack been with Lelm while he was under arrest in the ambulance and whether the ambulance policy is sufficient to abrogate the need to obtain a warrant, the State ignores the remainder of the court's finding. "No other examples or information [were] presented to the court to warrant an exception under the inevitable discovery exception[.]" Here, Lelm was placed under arrest and placed in the ambulance without the backpack. What is absent from the record is an explanation of what would have happened to the

9

backpack under these circumstances had it not already been searched. We do not know if it would have been placed in the back of a patrol car, if someone would have been contacted to retrieve the backpack on Lelm's behalf, if it would have been placed with Lelm in the ambulance, or if something else would have been done with the backpack. All we know is that the ambulance service policy is not to allow a personal item, like a backpack, to be transported in an ambulance without it first being searched.

[¶23] After a review of the record, we conclude the district court's finding that the State failed to establish the evidence from the backpack would have been inevitably discovered is not contrary to the manifest weight of the evidence. Because the State failed to establish the evidence would have been inevitably discovered absent the unlawful search, the inevitable discovery doctrine does not apply.

VI

[¶24] Lelm had a reasonable expectation of privacy in his backpack. Neither the automobile exception nor the search incident to arrest exception applied to the warrantless search of Lelm's backpack, and the State failed to establish the evidence would have been inevitably discovered absent the unlawful search. Because an exception does not apply to the search, evidence discovered during the search of Lelm's backpack must be suppressed under the exclusionary rule. We affirm the order of the district court.

[¶25] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

**VandeWalle, Justice, concurring in the result.**

[¶26] Although I suspect we have not heard the last from the United States Supreme Court on the automobile exception, the search incident to arrest exception, and the inevitable discovery doctrine, I agree with parts I through IV and part VI of the opinion. With regard to part V, inevitable discovery, I

10

concur in the result. While I may have drawn different inferences and conclusions from the testimony, it is, as the opinion notes, the function of the trial judge to find those facts.

[¶27] Gerald W. VandeWalle