2015 ND 208

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Brett Eugene ZACHER, Defendant and Appellant.**

**No. 20150001.**

Supreme Court of North Dakota.

Aug. 25, 2015.

Justin M. Balzer, Morton County Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Kent M. Morrow, Bismarck, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Brett Zacher appeals from a district court order denying his motion to suppress evidence and from a criminal judgment entered after his conditional guilty plea to the charge of possession of a controlled substance. We reverse, concluding the district court erred in relying on the plain view doctrine to justify the warrantless seizure of the plastic bag located in Zacher's vehicle, and remand to allow Zacher to withdraw his guilty plea.

I

[¶ 2] On April 6, 2014, a Mandan police officer saw a vehicle fail to stop at a stop sign. He followed the vehicle, checked its license and registration, and discovered the owner of the vehicle, Brett Zacher, had a suspended license. The officer stopped the vehicle, and after identifying Zacher as the driver, arrested him for driving under suspension and placed him in the police vehicle. The officer then informed Zacher of his *Miranda* rights, and in an attempt to prevent Zacher's car from being towed, asked Zacher if he could move his car from the lot it was parked in at the time of the arrest. Zacher gave the officer permission to enter his vehicle to move it from the parking lot. As he was moving Zacher's vehicle, the officer noticed the top portion of a small plastic bag between the driver's seat and the middle console. Although he could not see or identify the contents of the bag, the officer testified that because of his training and experience he was suspicious of the bag, so he removed it from in between the seat and console and discovered it contained "very small pieces of paper." At first, the officer was unable to identify the contents of the bag, but another officer at the scene believed it contained LSD. The officer then asked Zacher about the bag, and Zacher stated it was "bunk" or fake acid. After bringing Zacher to the law enforcement center, the officer performed a test which indicated the small pieces of paper in the plastic bag contained LSD. When the officer confronted Zacher about the test results, Zacher admitted the LSD was real.

[¶ 3] Zacher was charged with possession of a controlled substance, driving under suspension, and driving under the influence of drugs. Zacher moved to suppress the evidence found by the officer, arguing the officer lacked probable cause to search the interior of his vehicle after he had been arrested and placed in the officer's vehicle. After a hearing, the district court denied Zacher's motion, finding that because the contraband was in plain view, it was lawfully seized. Zacher then conditionally pled guilty to possession of a controlled substance, reserving his right to appeal the denial of his motion to suppress. Zacher was sentenced to one year of incarceration, with one year suspended and two years' probation.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal from the criminal convictions was timely under N.D.R.App.P. 4(b), and this Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 5] On appeal, Zacher argues the district court erred in denying his motion to

suppress evidence, because the plain view doctrine does not apply and the plastic bag should not have been seized without a warrant.

[¶ 6] When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994). We will affirm a district court's decision on a motion to suppress if "there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence." *State v. Nickel*, 2013 ND 155, ¶ 12, 836 N.W.2d 405 (internal quotation marks and citations omitted). "Although underlying factual disputes are findings of fact, the ultimate conclusion of whether the facts meet a particular legal standard is a question of law, fully reviewable on appeal." *Id.* (citing *State v. Albaugh*, 2007 ND 86, ¶ 8, 732 N.W.2d 712).

[¶ 7] The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures and "establishes a strong preference for law enforcement officers to obtain warrants." *Nickel*, 2013 ND 155, ¶ 22, 836 N.W.2d 405 (citing *State v. Dodson*, 2003 ND 187, ¶ 27, 671 N.W.2d 825). "A warrantless search or seizure is constitutionally impermissible unless it falls within a recognized exception to the warrant requirement." *Nickel*, at ¶ 22 (citing *State v. Salter*, 2008 ND 230, ¶ 6, 758 N.W.2d 702). Absent an exception to the warrant requirement, evidence obtained in violation of the Fourth Amendment's protections against warrantless searches or seizures must be suppressed. *State v. Haibeck*, 2004 ND 163, ¶ 9, 685 N.W.2d 512. The defendant has the initial burden to establish a prima facie case that evidence should be suppressed. *State v. Glaesman*, 545 N.W.2d 178, 182 n. 1 (N.D.

1996). The burden then shifts to the State to prove a warrantless search or seizure falls within a recognized exception to the warrant requirement. *State v. Mitzel*, 2004 ND 157, ¶ 12, 685 N.W.2d 120; *State v. Avila*, 1997 ND 142, ¶ 16, 566 N.W.2d 410.

[¶ 8] Although there are numerous exceptions to the Fourth Amendment's warrant requirement, the exception most relevant to this case is the plain view exception. *See Horton v. California*, 496 U.S. 128, 133–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *Nickel*, 2013 ND 155, ¶ 22, 836 N.W.2d 405; *State v. Albaugh*, 2007 ND 86, ¶ 18, 732 N.W.2d 712. We have explained that "[u]nder the plain view exception, police officers may seize a clearly incriminating object without a warrant if the officers are lawfully in a position from which they view an object and the object's incriminating character is immediately apparent." *Albaugh*, at ¶ 18; *see Nickel*, at ¶ 30; *State v. Wamre*, 1999 ND 164, ¶ 16, 599 N.W.2d 268 (citing *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *Horton v. California*, 496 U.S. 128, 135–36, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). In *Wamre*, at ¶ 16, we held:

[I]f contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no "search" . . . or at least no search independent of the initial intrusion that gave the officers their vantage point.

(Citations omitted.)

[¶ 9] In the present case, Zacher and the State concede that after Zacher was arrested for driving under suspension, he gave the officer permission to enter his vehicle for the purpose of moving it out of

the lot in which it was parked. The officer was in a lawful position, therefore, to observe the top of the plastic bag between the driver's seat and the middle console. Although it is clear the first prong of the plain view doctrine has been satisfied, Zacher and the State disagree as to whether the incriminating nature of the plastic bag was "immediately apparent." *Albaugh*, 2007 ND 86, ¶ 18, 732 N.W.2d 712. According to Zacher, although the officer observed the top portion of the plastic bag between the driver's seat and middle console, the incriminating nature of the bag's contents was not immediately apparent, because the contents were not at all visible to the officer until he removed the plastic bag from between the seat and console and examined it more closely. Zacher argues the officer's testimony at the suppression hearing proves the incriminating nature of the bag's contents was not immediately apparent:

MR. MORROW: Can you demonstrate to the Court how much of this plastic baggy that you could see that was sticking out?

OFFICER: I would say it was about half of an inch where I can see the very top of the bag, and the zip part of the bag was red. And that's the portion I saw.

MR. MORROW: So you couldn't see the lower part where the substance was contained?

OFFICER: No.

MR. MORROW: So it was not immediately apparent by your initially viewing it what it was?

OFFICER: What was inside of it?

MR. MORROW: Yeah.

OFFICER: I couldn't tell what was inside of it.

MR. MORROW: You had to pull it away from where it was located to look at it closer?

OFFICER: Yes.

MR. MORROW: And as I understand it from your testimony, you did not know what it was when you first looked at it?

OFFICER: I did not know it was LSD, no.

MR. MORROW: Could you tell what it was?

OFFICER: When I looked at it?

MR. MORROW: Right.

OFFICER: I could tell there were pieces of paper.

MR. MORROW: It looked like a piece of paper to you?

OFFICER: Yeah.

On the basis of this testimony, Zacher argues the incriminating nature of the bag's contents was not immediately apparent and therefore it was seized without a warrant and should be suppressed.

[¶ 10] In response, the State argues, under the plain view doctrine officers are not required to possess a "high degree of certainty as to the incriminatory character of evidence" before seizing or searching the evidence without a warrant; instead, officers are required only to have probable cause to believe the evidence is associated with criminal activity. *Texas v. Brown*, 460 U.S. 730, 741, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The State contends, because the officer was aware from his training and experience that the plastic bag he found was the type of bag commonly used to store controlled or illegal substances, there was probable cause that the evidence was associated with criminal activity. The State, therefore, argues the officer properly seized the evidence in plain view.

[¶ 11] The district court denied the motion to suppress, concluding that because Zacher gave his consent for the officer to move his vehicle and the officer observed

the plastic bag in plain view while in Zacher's vehicle, the evidence was properly seized. The district court simply stated:

> The Court finds that [Zacher] gave consent to move his vehicle, so the officer's entry into the vehicle was based upon the consent exception. Once inside the vehicle, the Court finds that the controlled substances were in plain view.

[¶ 12] Although the State contends the district court correctly denied Zacher's motion to suppress, because the evidence was found in plain view, our case law suggests otherwise. In *State v. Nickel*, we described the essential predicates for a valid seizure of evidence under the plain view doctrine, stating, "[A]n officer must not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, the object must not only be in plain view, its incriminating character also must be immediately apparent, and the officer also must have a lawful right of access to the object itself." 2013 ND 155, ¶ 30, 836 N.W.2d 405 (citing *Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). However, even when an object is in plain view, we have stated it can be the subject of a search requiring probable cause to examine it further if "the object or area in which it is located bears no relation to the justification for police presence in the first place." *State v. Wamre*, 1999 ND 164, ¶ 15, 599 N.W.2d 268.

[¶ 13] Here the record clearly reflects the officer had permission to enter Zacher's vehicle for the purpose of moving it out of the parking lot and he observed the top portion of a plastic bag from a "lawful vantage point." *Wamre*, 1999 ND 164, ¶ 16, 599 N.W.2d 268. The officer did not, however, have permission to conduct a search of the contents of Zacher's vehicle. The contents of the bag were not readily apparent before the bag was removed from its location. At the motion hearing the officer testified he not only was unable to identify the contents of the plastic bag when he initially saw it lodged between the driver's seat and middle console, but was also unable to see any of the bag's contents. The officer further testified he was not able to actually see the contents of the plastic bag until he removed it from its original location and inspected it further. Even after removing the bag and inspecting it further, the officer testified, he was unable to ascertain whether the plastic bag contained illegal substances. The district court erred in relying on the plain view doctrine to justify the warrantless seizure of the plastic bag in Zacher's vehicle. We therefore conclude the officer's warrantless seizure of the bag contravened the Fourth Amendment and the district court erred in denying the motion to suppress the evidence stemming from the warrantless seizure of the bag found in Zacher's vehicle. *See Nickel*, 2013 ND 155, ¶ 31, 836 N.W.2d 405.

## III

[¶ 14] We reverse the criminal judgment and remand to allow Zacher to withdraw his guilty plea.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ. concur.